# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID A. GRAYER** | § | **PETITIONER** |
| | § | |
| **V.** | § | **CAUSE NO. 1:06cv1093-LG-JMR** |
| | § | |
| **LAWRENCE KELLY** | § | **RESPONDENT** |
| | § | |

## ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY

This cause comes before the Court on Petitioner David A. Grayer's [25] Motion for Discovery, signed March 4, and filed March 21, 2011.  This case was closed by Final Judgment on July 11, 2008, when the Court adopted the Magistrate Judge's Report and Recommendation.  Petitioner subsequently moved [21] for an extension of time to file objections to the Report and Recommendation, and this Court denied that request. In the order denying the motion for extension of time, this Court pointed out that the Magistrate's Report and Recommendation had provided time for Petitioner to file objections, and also noted that "Petitioner does not argue that he did not receive the report." *See* Order [22] at 1.  In the motion before the Court, Petitioner now claims he never received the Report and Recommendation. (Pet. Mot. at 2).  Petitioner seeks that the final judgment be dismissed, and requests time to respond to the Report and Recommendation.  *Id*. at 3.

The Court construes this motion "for discovery" as a motion for relief from a judgment under Federal Rule of Civil Procedure 60.  Under Rule 60, a court may relieve a party from a final judgment for the following reasons:

      (1) mistake, inadvertence, surprise, or excusable neglect;
      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
      (4) the judgment is void;
      (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
      (6) any other reason that justifies relief.

Rule 60 requires that a motion pursuant to the rule "must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]"  Petitioner waited well over two years after the entry of final judgment before he filed this motion.  Petitioner was aware of the Court's judgment at least as early as November 2008, when he filed the motion for extension of time discussed above.  The Court finds that this motion is not timely.  Moreover, in his motion for an extension of time to file objections to the Report and Recommendation, Petitioner never alleged that he did not receive a copy of the Report and Recommendation.  The Court finds the motion is not well taken and should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Petitioner David A. Grayer's [25] Motion for Discovery should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 22th day of November, 2011.

                                                   s/ *Louis Guirola, Jr.*
                                                   LOUIS GUIROLA, JR.
                                                   CHIEF U.S. DISTRICT JUDGE